IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VINICIO J. GARCIA<br><br>Plaintiff,<br><br>v.<br><br>SGT. SLACK, *et al.*,<br><br>Defendants. | 2:25-CV-168-Z-BR |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case under 28 U.S.C. Section 1915(e)(2)(B). ECF No. 12. An Objection to the FCR has been filed. ECF No. 13.[1] After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 12) is **ADOPTED** and this case is **DISMISSED with prejudice**. Plaintiff's Motions (ECF Nos. 14 and 15) are **DENIED as moot**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

[1] Plaintiff also filed an amendment to the Objection. ECF No. 16. The amendment was untimely, but the Court considers the amendment as if it were filed with the original Objection.

objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate Judge filed her FCR on July 15, 2026. ECF No. 12. Plaintiff dated his Objection ten days later, on July 25, 2026. ECF No. 13 at 12. The Court assumes Plaintiff delivered his Objection to prison authorities on the same date and applies the "prison mailbox rule." *Rasberry*, 993 F.2d at 515. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

First, throughout his Objections, Plaintiff accuses Magistrate Judge Reno of "bias." *See, e.g.*, ECF No. 13 at 1, 3, 6, 7, 8, 9, 10. He provides no evidence of bias other than disagreeing with her findings and recommendations. *See generally id.* "[A] party's mere disagreement with a judicial ruling is almost always insufficient to demonstrate bias or prejudice." *Thomas v. Love*, No. 6:24-CV-421, 2025 WL 1560146, at *2 (E.D. Tex. May 14, 2025), *report and recommendation adopted*, No. 6:24-CV-421, 2025 WL 1557276 (E.D. Tex. June 2, 2025) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Because Plaintiff has not shown anything other than his disagreement to support his allegation of bias, his first objection is **OVERRULED**.

Plaintiff next objects to the finding that the statute of limitations bars most of his claims, because he allegedly filed Step 1 and Step 2 grievances within the prison grievance system within two years. ECF No. 13 at 1–2. The statute of limitations is tolled while an administrative grievance is pending. *See Harris v. Hegmann*, 198 F.3d 153, 158–59 (5th Cir.

1999). But the Court cannot calculate the pendency of each grievance because Plaintiff did not provide his grievances to the Court, as required. *See* ECF No. 4 at 4. The Plaintiff *did* provide narrative information about grievances (ECF No. 5 at 6–13; ECF No. 13 at 1–2) but the Court cannot determine from this information which Step 1 preceded which Step 2. Thus, the Court cannot determine how long each pending grievance might have tolled the claims in the instant case. Regardless, the FCR evaluated each of Plaintiff's claims on the merits on the assumption that the claims were timely, in the alternative to its statute of limitations analysis. ECF No. 12 at 3. Because none of Plaintiff's claims survive screening even if they were timely, his objection about the statute of limitations does not change the outcome for any of his claims. Accordingly, this objection is **OVERRULED**.

Next, Plaintiff objects to the recommendation that the retaliation claims should be dismissed. ECF No. 13 at 3–5. Plaintiff largely repeats the allegations in his Complaint and Questionnaire and insists they demonstrate the Defendants' retaliation. *Id.* As the FCR explained, his grievances failed to allege constitutional violations. ECF No. 12 at 4–5. Thus, *even if* Plaintiff had alleged sufficient facts to show the Defendants' actions were taken in retaliation for his filing grievances, he would not have a valid retaliation claim. *Id.* Plaintiff's objections make clear he believes he was retaliated against, but he does not provide any specific objection to the FCR's reasoning. *See generally* ECF No. 13 at 3–5 (merely summarizing allegations and insisting they do demonstrate retaliation). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just

so here. Because Plaintiff's statements fail to assert specific objections, this objection is **OVERRULED**.

Plaintiff's next set of objections relate to the recommendation that his conditions of confinement claims should be dismissed. ECF No. 13 at 6–11. First, regarding his being housed with a potentially dangerous cellmate, the FCR explained that Plaintiff must show physical injury to state this type of Eighth Amendment claim. ECF No. 12 at 6–7. His objection mentions other inmates who were harmed by other dangerous cellmates but does not address the reasoning of the FCR. Accordingly, this objection is **OVERRULED**. *See Battle* 834 F.2d at 421.

Considering the alleged flooding and sewage in his cell, the FCR explained that it did not rise to the level of a constitutional violation, and that he did not suffer an injury as required for this type of claim. ECF No. 12 at 7–8. Plaintiff's objection reiterates and emphasizes the unpleasantness of the conditions in his cell (ECF No. 13 at 7) but fails to overcome the FCR's reasoning that the circumstances do not rise to the level of a constitutional violation. He also objects that the FCR mentioned he was not actually injured (ECF No. 13 at 7–8), but that is a requirement for the relief Plaintiff seeks. *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). Accordingly, this objection is **OVERRULED**.

Next, the bathroom trips. The FCR explained that temporary deprivation of toilet access does not usually give rise to a constitutional claim, because there is generally no physical injury or risk to present or future health. ECF No. 12 at 8–10. Plaintiff's objection reiterates that the lack of toilet access was repeated but does not dispute that he suffered no

physical injury or risk to his health. ECF No. 13 at 8–9. Accordingly, this objection is **OVERRULED**.[2]

On Plaintiff's complaints about his housing assignment, the FCR explained that a prisoner does not have a constitutional right to choose where they are housed. ECF No. 12 at 10. Plaintiff's objection starts by acknowledging the legal point. ECF No. 13 at 10 ("Yes, indeed an inmate has no say about his housing."). He then complains about TDCJ's failure to follow unspecified policies. *Id.* at 10–11. This is not a specific objection to the FCR; in fact it is an apparent concession. *See Battle* 834 F.2d at 421. Moreover, Plaintiff "does not have a constitutional right in having TDCJ follow their own policies." *Hudgins v. Catoe*, No. 6:17-CV-540, 2019 WL 13436315, at *6 (E.D. Tex. Apr. 18, 2019). Accordingly, this objection is **OVERRULED**. *See Battle* 834 F.2d at 421.

Next, Plaintiff objects to the FCR's recommendation to dismiss his claims regarding the grievance process. ECF No. 13 at 11. The FCR recommends dismissal because prisoners do not have a constitutional interest in the outcome or process of a prison grievance system. ECF No. 12 at 10–11. Plaintiff's objection bemoans the state of the law but does not raise a specific objection. ECF No. 13 at 11 ("This is beautiful. . . . The intent of the [*sic*] Section 1983 has be [*sic*] subverted by the 5th Circuit and Texas Federal courts."). Accordingly, this objection is **OVERRULED**. *See Battle* 834 F.2d at 421.

Plaintiff's next objection is to the FCR's recommendation that his claims regarding access to religious services should be dismissed. ECF No. 13 at 11–12. The FCR recommends dismissal because Plaintiff does not allege a TDCJ policy curtails his rights, and he was only

---

[2] Plaintiff goes on to discuss other incidents that do not seem to be related to the bathroom trip allegations. ECF No. 13 at 9–10 (discussing a minor injury related to an apparent mistake with the operation of his cell door and his placement with inmates who have different security classifications). These objections are not relevant to his bathroom trips. Even considered separately they fail to object to anything in the FCR. Accordingly, they are **OVERRULED**. *See Battle* 834 F.2d at 421.

prevented from worshipping with others on a sporadic basis. ECF No. 12 at 12–14. Plaintiff objects that he was "repeatedly refused [the ability to attend communal religious services] by other [unnamed] Guards." ECF No. 13 at 11. But he does not address the FCR's reasoning that he was not denied access to practice his religion by TDCJ policy. Moreover, while he characterizes the behavior as "repeated" and "systematic," he does not contest that they were single incidents which are generally not treated as First Amendment violations. *See Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986). Accordingly, this objection is **OVERRULED**.

Finally, Plaintiff objects to the FCR's recommendation not to allow leave for Plaintiff to amend his Complaint. ECF No. 13 at 12. His sole objection is that not allowing him leave to amend shows bias. *Id.* ("[Magistrate Judge] Reno has revealed the level of her bias by recommending my right to amend be denied."). But a district court can deny leave to amend when the plaintiff has pled his best case. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). The undersigned agrees that plaintiff has pled his best case. Accordingly, this objection is **OVERRULED**.

**CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 12) is **ADOPTED** and this case is **DISMISSED with prejudice**. Further, Plaintiffs' Motions (ECF Nos. 14 and 15) are **DENIED as moot**.

**SO ORDERED.**

August 10, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE